UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAAELDIN S. AHMED,

                         Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2024

24-CV-01702 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On April 29, 2024, the Court ordered Defendants to file a letter regarding whether this action needed to be transferred to Judge Haight[1] under the protocols in effect in *Handschu et al. v. Special Serv. Div. et al.*, No. 1:71-cv-02203-LGL ("*Handschu*"). Dkt. No. 5. Per their letter, filed on May 13, 2024, Defendants' position is that this action need not be transferred because "Plaintiff's complaint does not allege a violation of the *Handschu* consent decree but instead sets forth individual First and Fourteenth Amendment claims relating to allegedly unlawful surveillance." *See* Dkt. No. 8 at 1. On May 20, 2024, Plaintiff Ahmed filed a letter requesting that this action be transferred under the protocols in effect in *Handschu* because "[his] complaint alleges severe violations of the Handschu consent decree." *See* Dkt. No. 11 at 1. Plaintiff Ahmed argues that the complaint in this action "details the involvement of NYPD informants and their communication with [him]," "explicitly describes how police informants infiltrated the mosque [he] frequented," "emphasizes the 22-year-long surveillance both domestically and internationally," "underscores surveillance and information gathering about [himself] and [his] family," "states all [of his family's] communications are under surveillance," and "asserts that NYPD surveillance and misconduct extend beyond New York City to other countries." *Id.* at 2.

      Upon reviewing the most recent Stipulation of Settlement and Order in effect in *Handschu*, *see Handschu*, Dkt. No. 472, and the Guidelines for Investigations Involving Political Activity, *see Handschu*, Dkt. No. 473 (the "Revised Handschu Guidelines"), the Court finds that there is no basis or procedure under which this action need be transferred to Judge Liman. The Stipulation of Settlement and Order, by its own terms, "does not create any additional rights of enforcement, or forms of relief available, for alleged violations of the Revised Handschu Guidelines." *Handschu*, Dkt. No. 472 at 7. Further, the Revised Handschu Guidelines provide for a separate process by which alleged systemic violations of the guidelines are handled by an appointed Civilian Representative, as opposed to individual plaintiffs. *See Handschu*, Dkt. No. 473, Section VI. To the extent the Revised Handschu Guidelines or any aspect of the *Handschu* consent decree, or alleged violations thereof, may have any relevance to the allegations in this case, they can be addressed in due course before the undersigned.

---

[1] On November 20, 2023, *Handschu* was reassigned to Judge Liman from Judge Haight.

Counsel for Defendants is respectfully directed to send a copy of this Order to Plaintiff Ahmed by mail and e-mail.

Dated: May 23, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge