USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAAELDIN S. AHMED,

                             Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                             Defendants.

24-CV-01702 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff Alaaeldin S. Ahmed, proceeding *pro se*, brought this civil rights action against Defendants City of New York; Mayor Eric Adams, in his official capacity as Mayor of the City of New York; Edward A. Caban, in his official capacity as the Police Commissioner for the City of New York;[1] and Rebecca U. Weiner, in her official capacity as Deputy Commissioner of Intelligence & Counterterrorism for the City of New York. In sum, Ahmed alleges that the New York City Police Department ("NYPD") has been unlawfully surveilling him and colluding with non-parties, including his co-workers, to discriminate against and harass him because of his Muslim identity, in violation of his constitutional rights under the First and Fourteenth Amendments and rights under the New York State Constitution.

      Before the Court is Defendants' unopposed motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, the motion to dismiss is GRANTED.

---

[1] Jessica S. Tisch has replaced Edward A. Caban as Police Commissioner for the City of New York. This substitution of an official-capacity defendant has no effect on the substance of this action or this Opinion.

1

**FACTS & PROCEDURAL BACKGROUND**

Ahmed filed the Complaint in this action on March 6, 2024.  *See* Dkt. No. 1 ("Compl."). The following facts are taken from Ahmed's complaint and are assumed true for purposes of this Opinion.

Since the early 2000s, Ahmed alleges he has been the target of unlawful NYPD surveillance, beginning with encounters with NYPD informants who occasionally visited the Mosque he attended.  *See* Compl. ¶ 38.  In 2007, when Ahmed was being hired by New York Presbyterian Hospital, Ahmed allegedly learned that the NYPD requested that the hospital contact them if he was being considered for employment.  *See id.* ¶ 39.  Over the course of approximately seven months, NYPD had presence at the hospital.  *Id.*

Then, over the course of the past 14 years, Ahmed alleges he was "continuously harass[ed]" by his manager and "experienced a lack of career advancement opportunities compared to [his] co-workers."  *Id.* ¶ 40.  Ahmed further alleges that his experiences at work were worsened by the fact that, in his view, his co-workers were essentially acting as NYPD informants or in concert with the NYPD by surveilling him and receiving personal information about him from the NYPD.  *Id.* ¶¶ 40–41.  This "constant surveillance and monitoring" allegedly affected Ahmed's personal life in numerous ways, including, *inter alia*, restricting his ability to travel, interfering with his ability to receive medical care, and obstructing his access to legal representation in this instant action.  *Id.* ¶¶ 42–45.

Based on the foregoing, pursuant to 42 U.S.C. § 1983, Ahmed alleges various constitutional violations and a related claim under New York state law by Defendants of his rights and privileges, specifically under the Equal Protection Clause of the Fourteenth Amendment (First Cause of Action), Free Exercise of Religion and Establishment Clauses of the

First Amendment (Second and Fourth Causes of Action), and Free Exercise of Religion of the New York State Constitution (Third Cause of Action).

On July 9, 2024, Defendants moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. Nos. 17 (notice of motion) & 18 (memorandum of law in support, "Mot."). In light of the fact that Ahmed was proceeding *pro se*, the Court allowed Ahmed to file any opposition to the motion to dismiss on or before August 13, 2024. *See* Dkt. No. 14 (also directing Defendant City of New York to serve a copy of the Order upon Ahmed). To date, Ahmed has not filed a response or otherwise been in contact with the Court to request an enlargement of time to respond to the motion to dismiss or for any other purpose. Defendants filed their reply on August 20, 2024. Dkt. No. 19 ("Reply").

## DISCUSSION

Defendants' move to dismiss on three grounds: (1) Ahmed's claims are barred by the statute of limitations; (2) Ahmed has failed to allege that the individual defendants, *i.e.*, Mayor Adams, Police Commissioner Caban, and Deputy Commissioner Weiner, were personally involved in any way; and (3) Ahmed has failed to state a claim upon which relief can be granted. After reviewing Defendants' motion papers and the Complaint, the Court agrees substantially for the reasons stated in Defendants' motion papers.[2]

---

[2] In the alternative, "[u]nder [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"). In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

3

I.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  While the Court must take all material factual allegations as true and draw reasonable inferences in Ahmed's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether Ahmed has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss must be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

As of the date of this Opinion, Ahmed has not been in contact with the Court for approximately 8 months.  *See* Dkt. Nos. 15 & 16 (affidavits of service filed by Ahmed in July 2024).  Defendants represent that they served their opening motion papers on Ahmed by ECF, e-mail, and first-class mail, *see* Mot. at 13, and served their reply letter on Ahmed by first-class mail, *see* Reply at 2, and there is no indication that Ahmed has not received Defendants' motion papers.  Further, Ahmed has not made any effort to explain his failure to oppose the motion to dismiss, or otherwise take any steps for many months to prosecute this action.

The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal.  *See, e.g.*, *Ruzsa v. Rubenstein & Snedy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)).  Balanced against the Court's strong interest in managing its docket, the prospect of further delay of the resolution of this action for Defendants, and the fact that this action would not otherwise be able to proceed without Ahmed's appearance, the Court would also be warranted in dismissing this action for failure to prosecute.  *See, e.g.*, *Frisco v. City of New York*, No. 23-cv-08915 (MKV), 2025 WL 551810 (S.D.N.Y. Feb. 19, 2025).

Because Ahmed is proceeding *pro se*, the Court must grant him "special solicitude" before granting the motion to dismiss. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Further, the Court must construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 347 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). This admonition "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet*, 640 F. Supp. 2d at 348; *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). But the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party "from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks omitted).

When "deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). Although Ahmed has not opposed Defendants' motion, failure to oppose a 12(b)(6) motion cannot itself justify dismissal of the Complaint. *See McCall*, 232 F.3d at 322 (quoting *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)).

## II.     THE MAJORITY OF THE CLAIMS ARE TIME-BARRED

Because Ahmed brings this action asserting that the City of New York and the individual Defendants violated his rights under the First and Fourteenth Amendments to the Constitution, his constitutional claims are construed as being brought under 42 U.S.C. § 1983.  Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law.  42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978).

There is no federal statute of limitations for Section 1983 claims, so courts apply the statute of limitations for personal injury actions under state law.  *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989); *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013). Section 1983 actions filed in New York are subject to a three-year statute of limitations, starting from the time "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see also* N.Y. C.P.L.R. § 214.

In *Saidin v. City of New York*, Judge McMahon dismissed a very similar complaint, alleging "wrongful conduct by law enforcement surveillance," which the plaintiff perceived as discrimination because of his Muslim identity, because his claims were untimely.  No 19-CV-01448 (CM), 2019 WL 2502131, at *4 (S.D.N.Y. June 14, 2019) ("[Plaintiff] is attempting to file . . . claims more than eleven years and six months after the alleged events occurred [in 2007]."). Similarly, here, the majority of Ahmed's allegations regarding the nature of his employment and hiring at the New York Presbyterian Hospital occurred outside of the three-year statute of limitations period, and thus, any claims arising out of those allegations are untimely and barred by the statute of limitations.  *See* Compl. ¶¶ 38–41.

The only factual allegations pled by Ahmed which appear potentially timely, *i.e.* within the three-year statute of limitations period, involve the "detrimental impact of [NYPD

surveillance]" on (1) "[his] efforts to expand [his] healthcare side business, particularly during [his] trip to France for [an exhibition in] 2022;" and (2) the loss of his luggage at John F. Kennedy International Airport, also in 2022. *See id.* ¶ 44.

However, as further described *infra*, neither these allegations, or the other allegations in the Complaint, which are non-specific as to the relevant timeframe, give rise to any actionable claims.

### III. THE COMPLAINT FAILS TO ALLEGE A FEDERAL CONSTITUTIONAL VIOLATION

Construing the Complaint liberally, and given the purported collusion between the NYPD and Ahmed's employer and co-workers, the Court shall evaluate whether the Complaint sufficiently alleges claims under Section 1983, including a Section 1983 conspiracy claim.

To state a claim under Section 1983, a plaintiff must allege (1) that the defendant(s) deprived him of a right secured by the Constitution or laws of the United States; and (2) that the defendant(s) did so under color of state law. *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001). Further, with respect to a municipal defendant—here, the City of New York—a plaintiff must allege that an official policy or custom caused him to be subjected to the denial of a constitutional right. *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Under *Monell*, a municipality may not be held liable under Section 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694–95 (1978).

To allege a Section 1983 conspiracy claim, a plaintiff must allege, *inter alia*, "an agreement between two or more actors to inflict an unconstitutional injury." *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002); *see also Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (a plaintiff must show: "(1) an agreement between two or more state

7

actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages").

For the following reasons, the Complaint fails to state a claim.

### A. The Complaint Fails to Specify Personal Involvement of the Individual Defendants

"As a fundamental prerequisite, 'to establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Lockett v. City of Middletown*, No. 19-CV-08255 (PMH), 2021 WL 1092357, at *4 (S.D.N.Y. Mar. 22, 2021) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). To show personal involvement, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Here, Ahmed fails to specify how the individual Defendants— Mayor Adams, Police Commissioner Caban, and Deputy Commissioner Weiner—were involved in or responsible for any of the alleged surveillance in the Complaint. *See* Compl. ¶¶ 38–45. Ahmed generally alleges that "[t]he highest-ranking New York City and NYPD Officials have embraced the Muslim Surveillance Program, defended it, and indicated that it will continue." *Id.* ¶ 36. To the extent Ahmed seeks to reference Defendants as a collective, it is well-established that "group pleading" does not suffice to state a claim under Section 1983. *See, e.g.*, *Williams v. Novoa*, No. 19-CV-11545 (PMH), 2022 WL 161479, at *10 (S.D.N.Y. Jan. 18, 2022) ("Failing to explain what each [defendant] did to violate Plaintiff's rights is fatal to any claim under 42 U.S.C.

8

§ 1983 because such allegations rely on impermissible group pleading." (collecting cases));
*Taylor v. Microgenics Corp.*, No. 21-CV-06452 (VB), 2023 WL 1865274, at *8 (S.D.N.Y. Feb. 9, 2023) ("[A]llegations that discuss several individual defendants 'together without pleading facts demonstrating what each did that makes him liable' are impermissible to allege personal involvement." (quoting *Cooper v. City of New York*, No. 17-CV-01517 (NGG) (RLM) 2019 WL 3642996, at *7 (E.D.N.Y. Aug. 5, 2019))).

Indeed, the closest reference that the Court construes as a specific reference by name to one of the individual Defendants—specifically, Police Commissioner Caban—is in Paragraph 26, under the section regarding the "NYPD's Muslim Surveillance Program": "Upon information and belief, Defendant Cohen [*sic*] intended to place an NYPD source in every mosque within a 250-mile radius of New York City and succeeded in placing a source in many of them." Compl. ¶ 26.

Accordingly, the Court finds that there are insufficient allegations in the Complaint to establish personal involvement by any of the individual Defendants in any of the alleged harms to Plaintiff, and thus Plaintiff cannot maintain his claims against the individual Defendants under Section 1983. *See Castillo v. Snedeker*, No. 21-CV-11109 (PMH), 2023 WL 7625882, at *6 (S.D.N.Y. Nov. 9, 2023) (dismissing the plaintiff's constitutional claim because he failed to "make any allegation in his complaint or opposition that Defendants were personally involved in" the alleged constitutional violation).

### B. The Complaint Fails to Allege the Existence of a Conspiracy

Even construing the Complaint liberally, the Court finds that Ahmed has failed to plausibly allege the existence of a conspiracy between the NYPD and his employer or co-workers. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are

9

properly dismissed." *McDaniel v. City of New York*, 585 F. Supp. 3d 503, 521 (S.D.N.Y. 2022). As discussed, *supra*, the Complaint is not only devoid of specific allegations about the individual Defendants, but the Complaint fails to specifically allege the existence of *any* agreement between the NYPD and his employer, co-workers, or anyone else, even if the Court takes as true the Complaint's allegations about Ahmed's co-workers "surveilling [his] activities." *See* Compl. ¶¶ 39–41.

Because the Complaint fails to plead sufficient facts to nudge any conspiracy claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, the Court must dismiss any such claim.

### C. The Complaint Fails to Allege Municipal Liability

As discussed, *supra*, the Complaint fails to allege that any official of the City of New York violated his constitutional rights. Accordingly, any claim against the City of New York must fail as a matter of law because the Complaint does not allege any underlying constitutional violation by a state actor. *See, e.g.*, *Segal v. City of New York*, 459 F.3d 207 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

### IV. THE COMPLAINT FAILS TO STATE A STATE CONSTITUTIONAL CLAIM

"Where a § 1983 claim is brought for a parallel constitutional right, a court will properly dismiss state constitutional claims." *Barzilay v. City of New York*, 610 F. Supp. 3d 544, 619 (S.D.N.Y. 2022); *see, e.g.*, *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order) (affirming dismissal of § 1983 claims as well as state constitutional claims); *see also Talarico v. Port Auth. N.Y. & N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) ("[W]here a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution,

any claims brought under the state constitution are ordinarily dismissed.").  The Court will therefore dismiss Ahmed's state constitutional claim, as the theory of liability brought for those claims is duplicative of the theory of liability under the federal constitution.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to CLOSE this case.

Dated:  March 27, 2025
       New York, New York

                                  SO ORDERED.

                                  MARGARET M. GARNETT
                                  United States District Judge